Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3402

TINA M. STEPHENS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Tina M. Stephens, of Cincinnati, Ohio, pro se.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3402

TINA M. STEPHENS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

———————————————

DECIDED: April 9, 2007

———————————————

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

DECISION

Tina M. Stephens, petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the action of the United States Department of Treasury, Internal Revenue Service's ("IRS" or "agency") suspending and, subsequently, removing Ms. Stephens from her position as a Remittance Perfection Technician. Stephens v. Dep't of the Treasury, Nos. CH-0752-05-0258-I-1, CH-0752-05-0634-I-1 (M.S.P.B. July 27, 2006). We affirm.

DISCUSSION

Ms. Stephens, at the time of her removal in 2005, was employed as a Remittance Perfection Technician at the IRS's Covington, Kentucky, Customer Service Center. She had worked for the IRS for five years, and had performed additional federal service from 1984 to 1989.

In an October 28, 2004 notice, the IRS proposed suspending Ms. Stephens for fifteen calendar days based on two charges alleging: (1) that she was absent without approved leave ("AWOL") for forty-four work days from April 12, 2004, through August 12, 2004, during which period she either reported late for work, or did not report for work at all; and (2) that she failed to request leave according to leave requesting procedures for twenty-five of the forty-four days that she was allegedly AWOL. On November 23, 2004, the IRS's deciding official issued a letter of decision, sustaining the agency's charges and suspending Ms. Stephens from December 1, 2004 through December 14, 2004. Ms. Stephens appealed this suspension to the Board on December 20, 2004.

On March 1, 2005, the IRS notified Ms. Stephens that it now proposed removing her from federal service based on two charges alleging: (1) that she was AWOL for twenty-three work days from November 1, 2004, through January 28, 2005, during which period she either reported late for work, or did not report for work at all; and (2) that she failed to request leave according to leave requesting procedures for eighteen of the twenty-three days when she did not report for work at all. The agency's deciding official issued a letter of decision on April 14, 2005, sustaining the agency's charges and effecting Ms. Stephens's removal on April 18, 2005.

Ms. Stephens timely appealed to the Board. In an initial decision dated September 28, 2005, the administrative judge ("AJ") to whom the appeal was assigned affirmed Ms. Stephens's 15-day suspension and her removal from federal service. Stephens v. Dep't of the Treasury, Nos. CH-0752-05-0258-I-1, CH-0752-05-0634-I-1 (M.S.P.B. Sept. 28, 2005). On July 27, 2006, the administrative judge's initial decision became the final decision of the Board when the Board denied Ms. Stephens's petition for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Our jurisdictional mandate under 5 U.S.C. § 7703(b)(1) "excludes appeals of MSPB decisions in 'cases of discrimination subject to the provisions of section 7702.' Cases involving discrimination under § 7702 may be pursued by civil action in a district court." Meehan v. U.S. Postal Serv., 718 F.2d 1069, 1073 (Fed. Cir. 1983). We, however, will hear a "mixed case" (i.e., one involving an adverse action and a claim of discrimination) "if the petitioner filed an explicit waiver of the claim of discrimination." Davidson v. U.S. Postal Serv., 24 F.3d 223, 224 (Fed. Cir. 1994).

On appeal, Ms. Stephens first argues that the Board failed to consider the fact that she was discriminated against and that she "was not the only person in the unit to have [an absence] problem." However, Ms. Stephens explicitly waived her disability and racial discrimination claims in "Petitioner's Fed. Cir. R. 15(c) Statement Concerning Discrimination." We therefore will not address those claims.

Ms. Stephens additionally contends that the Board failed to consider evidence she believed was favorable to her, such as a statement from her doctor and her own statements. This contention is without merit. The Board may properly exclude evidence or testimony that is irrelevant, immaterial, or unduly repetitious. See Curtin v. Office of Pers. Mgmt., 846 F.2d 1373 (Fed. Cir. 1988). Here, the AJ properly considered all evidence of record. This included testimony by Ms. Stephens's supervisors, as well as testimony by Ms. Stephens herself. The AJ correctly based his decision on his credibility determinations, on the pertinent law, and on the relevant facts. After reviewing the initial decision, we are not prepared to say that the Board abused its discretion or excluded evidence or testimony that was material or relevant. Instead, we find that the Board's decision is supported by substantial evidence and is free of legal error.

For the foregoing reasons, the final decision of the Board is affirmed.